WESTON ASSOCIATES MANAGEMENT CO., INC.[1] *vs.* STEPHEN B. McWIL-LIAM. No. 92-P-996. December 21, 1993. *Uniform Summary Process Rules. Summary Process*, Notice to quit. *Practice, Civil*, Summary process.

When the defendant tenant failed to secure a mortgage commitment to purchase the condominium unit he occupied, the plaintiff landlord com-menced a summary process action against him. In response, the tenant filed counterclaims and a motion to dismiss. A judge of the Housing Court denied the motion, entered judgment against the tenant on the landlord's summary process claim, dismissed the counterclaims and awarded the landlord four months' unpaid rent and costs amounting to over $4,000. The tenant has appealed challenging only that aspect of the judgment which related to the judge's denial of the motion to dismiss.

The tenant argues that because the landlord ran afoul of Uniform Sum-mary Process Rule 2(d)(2)[2] by failing to file with the clerk on the entry day "a copy of [the] applicable notice of termination [notice to quit] of the

---

[1] Doing business as Lakeshore Condominiums.
[2] The Uniform Summary Process Rules have been designated as Trial Court Rule I, effective September 1, 1980. Subparts (d)(1) and (2) of rule 2 read as follows:
"(d) Entry of Action. Summary process actions shall be entered by filing with the clerk of the court in which the action is to be heard the following documents:

934            35 Mass. App. Ct.

Rescript Opinions.

defendant's tenancy," the judge had no choice but to dismiss the summary process action. We reject the tenant's argument.

The tenant was served "in hand" a notice to quit intended to terminate his tenancy at unit no. 516 in Lakeshore Condominiums on November 25, 1991. On January 17, 1992, after the thirty-day notice period (see G. L. c. 186, § 12) had expired, the landlord filed with the clerk of the Housing Court a complaint and summons, bearing a proper return of service. The landlord failed, however, to file a copy of the notice to quit with the summons and complaint as required by Uniform Summary Process Rule 2(d)(2). A trial date of March 5 was established. On March 3 the landlord belatedly filed a copy of the notice to quit. The tenant filed his motion to dismiss on March 4 stating as grounds the landlord's failure to include the notice to quit with the papers filed at the time the action had entered.

On March 5, the judge ruled from the bench without written decision (none was required) that the simultaneous filing of the notice together with the complaint was required by the rule. However, he refused to dismiss the complaint because the rule did not explicitly contain authority to impose such a drastic sanction.

Nothing in G. L. c. 239, §§ 1 et seq., or G. L. c. 185C, §§ 2 & 3, both governing summary process actions, requires the filing of the notice to quit upon the entry date nor comes close to incorporating that aspect of the rule as a jurisdictional prerequisite. We recognize that summary process actions are "civil actions," see *Nalbandian* v. *Patrizzi*, 369 Mass. 477, 480-481 (1976), governed by their own rules adopted to ensure an orderly and predictable process for parties caught up in the toils of eviction. But as we have commented in the past, "[e]very violation of a procedural rule . . . need not — and should not — require the perpetrator to be undone." *USTrust Co.* v. *Kennedy*, 17 Mass. App. Ct. 131, 135 (1983). In fact, the commentary to rule 2 states that a clerk should not refuse to accept a filing of the summons and complaint for lack of compliance with rule 2(d)(2). It is left to the discretion of the judge to determine whether the documents covered by the rule are required. Commentary to Uniform Summary Process Rule 2, Mass. Ann. Laws, Uniform Summary Process Rules at 523 (Law Co-op. 1990). See Perlin and Connors, Handbook of Civil Procedure in the Massachusetts District Court § 14.14, at 286 n.31 (2d ed. 1990).

We conclude that whether any supporting document need be simultaneously filed with the complaint and summons at the time of the entry of

---

"(1) the original of the properly completed form of Summary Process Complaint and Summons, a copy of which has been served on the defendant, with return of service recorded thereon;

"(2) a copy of any applicable notices(s) of termination of the defendant's tenancy of the premises upon which the plaintiff(s) relies where such notice is required by law and any proof of delivery of such notice upon which the plaintiff(s) plans to rely at trial . . . ."

summary process action is a matter left to the judge's discretion to determine whether the lack of timely filing has "interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice." *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74, 80 (1975). Here the tenant has failed to show any impairment of his ability to prepare or submit defenses and counterclaims which might be attributed to the late filing.

*Judgment affirmed with costs.*

*Steven A. Kressler* for the defendant.
*William J. Ritter* for the plaintiff.