HARRY NALBANDIAN vs. ALPHONSE PATRIZZI.

Essex.   November 5, 1975. — January 7, 1976.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Summary Process*, Jury trial.   *Practice, Civil*, Summary process: jury trial.

An action of summary process entered in a District Court in Essex County was a "civil action" under G. L. c. 218, § 19B, and a party seasonably claiming a trial by a jury of six was entitled thereto. [480-481]

SUMMARY PROCESS.   Writ in the District Court of Southern Essex dated February 14, 1975.

The case was reported to the Supreme Judicial Court by *McDonald, J.*

*Emmanuel N. Papanickolas* for the plaintiff.

*John J. Ford* for the defendant.

HENNESSEY, J.   In this case we must decide whether parties to summary process actions are entitled to speedy trial by a jury of six in accordance with G. L. c. 218, § 19B.[1]   The statute provides such privilege to any party

---

[1]The text of the statute, c. 218, § 19B, inserted by St. 1969, c. 419, § 1, is as follows:   "After the entry of a civil action in any district

involved in a "civil action" in any District Court in the county of Essex.[2] We conclude that the legislative intent was to provide the privilege of such a trial in summary process actions.

court in the county of Essex, any party may, within the time provided or allowed for the filing of an answer, claim a trial by a jury of six. Trials by such juries of six shall be held in the central district court of northern Essex, at Haverhill, and shall proceed in accordance with the provisions of law applicable to trials by jury in the superior court, except that each party shall be entitled to two peremptory challenges. Jurors shall be drawn from the pool of jurors available for the jury sessions in civil cases in the superior court for Essex county, sitting at Lawrence. The chief justice of the district courts shall arrange for such jury sessions in the central district court of northern Essex at a time coterminous with civil jury sessions held in the superior court for Essex county, sitting at Lawrence, and assign justices thereto, to the end that there may be a speedy disposition of cases tried by juries of six in the central district court of northern Essex. Upon the filing of a claim, by either party to a civil action for trial by jury of six, in any district court of Essex county, the clerk of such court shall forthwith forward all papers filed in said case to the clerk's office of the central district court of northern Essex.

"In the event of a trial by jury in the central district court of northern Essex, review may be had directly by the supreme judicial court, *by a bill of exceptions, appeal or report, in the same manner provided for trials by jury in the superior court.* If any party claims a trial by a jury of six, any other party shall have seven days within which to refuse to agree to such trial, and in case of such written refusal filed with the clerk, the party claiming such trial by jury of six may within six days thereafter remove the case for trial before the superior court with or without jury. If any party refuses to agree to a trial by a jury of six and the case is not removed to the superior court under the provisions of this section or section one hundred and four to one hundred and seven, inclusive, of chapter two hundred and thirty-one, the trial shall be in the district court without jury. At any time prior to trial the parties by agreement may have a trial by a jury of six" (emphasis supplied). (Chapter 218, § 19B, was recently amended by St. 1975, c. 377, § 6, which struck the portion of the statute italicized, *supra,* and inserted: "pursuant to the Massachusetts Rules of Appellate Procedure.")

[2] The privilege of trial by a jury of six in civil actions is currently extended only in Essex County (G. L. c. 218, § 19B) and in Worcester County (G. L. c. 218, § 19A). As to juries of six in criminal cases, see G. L. c. 218, §§ 26 and 27A.

The facts are as follows. Harry Nalbandian (landlord) brought suit against his tenant Alphonse Patrizzi (tenant) by writ in summary process with an account annexed, entered on March 3, 1975, in the District Court of Southern Essex.[3]  On March 5, 1975, the tenant timely filed his answer with set-off and counterclaim.  On March 6, 1975, the tenant filed a demand for trial by jury of six, and the same day the matter was presented to a judge of the District Court of Southern Essex.  After argument by counsel, and on deposit of the monies in dispute with the clerk of court, the tenant's demand for jury trial was allowed, and the papers filed in the case were forwarded to the Central District Court of Northern Essex.  On March 12, 1975, the parties were notified as to receipt of such papers by the Central District Court, and on March 27, 1975, the parties were notified as to assignment of the case for jury trial on April 14, 1975.  At no time did the landlord file objection or "refusal" to trial by a jury of six, as is permitted under G. L. c. 218, § 19B.  On April 5, 1975, the issues raised by the tenant were joined, by the late filing of the landlord's answer and reply.

On April 14, 1975, the tenant was present and ready for trial at the Central District Court of Northern Essex. At that time, however, the landlord late filed his motion to return the action for trial before a judge of the District Court of Southern Essex.  At such time the matter was presented before a Justice of the Central District Court of Northern Essex.  After argument by counsel, and informed by counsel that the tenant had vacated the premises in question, a judge allowed the landlord's motion and ordered the action returned for trial before a judge of the District Court of Southern Essex, ruling that

---

[3] There is some confusion generated by the pleadings in this case as to whether Alponse or his wife, Marion Patrizzi, on whom the writ was served, is the defendant here.  For purposes of this opinion the confusion is ignored and we consider Alphonse as the tenant-defendant.

G. L. c. 218, § 19B, does not apply to summary process actions. The judge further ruled that the issue seriously affects the merits of the controversy, and reported the matter, staying all further proceedings pending its determination.

The landlord observes that summary process is a purely statutory procedure (see G. L. c. 239, §§ 1-13), and can be maintained only in the instances specifically provided for in the statute (*Cummings* v. *Wajda,* 325 Mass. 242, 243 [1950]); that G. L. c. 218, § 19, as amended through St. 1962, c. 722, § 7, in defining the jurisdiction of District Courts over civil cases, did not lump all noncriminal matters together, but described them as "actions of contract, tort and replevin, and also . . . actions in summary process under chapter two hundred and thirty-nine . . . .";[4] that although G. L. c. 231, § 108, as amended through St. 1973, c. 1114, § 196, provides that there shall be an appellate division of each District Court for "the rehearing of matters of law arising in civil cases therein," it is also true that review of summary process is solely by appeal to the Superior Court, where trial de novo may be had with or without a jury; and that G. L. c. 239, § 3, as appearing in St. 1960, c. 463, § 1, provides that summary process appeals "shall" be to the Superior Court.

From all of these factors the landlord argues that the Legislature did not intend to include summary process actions as "civil action[s]" within the meaning of that term in c. 218, § 19B. We disagree.

We believe that the statute, c. 218, § 19B, is plain and unambiguous on its face and that the term "civil action" should be given its full and obvious meaning. Further, we note that § 19B is juxtaposed in our General Laws with § 19 of that same chapter, and § 19 includes a

---

[4] General Laws c. 218, § 19, was recently amended by St. 1975, c. 377, § 4, which retained a separate reference to the jurisdiction of District Courts over summary process actions.

summary process action in the category of actions within the civil jurisdiction of the District Courts. Also, the language of G. L. c. 231, § 97, as appearing in the Tercentenary Edition of the General Laws (in effect at the time of enactment of § 19B), which concerns the procedure on appeal de novo from the judgment of a District Court "in a civil action," specifically referred to "a judgment rendered in accordance with section three of chapter two hundred and thirty-nine," and referred also to a judgment rendered in "any other such civil action."[5] In the form originally inserted by St. 1971, c. 843, § 1, G. L. c. 185A, § 20, which concerns the procedure in the Housing Court of the City of Boston, provided that "an action at law, including an action for summary process, [shall be commenced] by writ . . . ." In the form as amended by St. 1973, c. 1114, § 36, the Housing Court statute provides that "a civil action, including an action for summary process, [shall be commenced] in accordance with the Massachusetts Rules of Civil Procedure."

In what is perhaps the most recent expression of legislative definition in this area, G. L. c. 266, § 120, as amended by St. 1974, c. 109, provides that the law of criminal trespass shall not apply to holdover tenants, but that "[t]he owner or landlord of said premises may recover possession thereof only through appropriate civil proceedings."

Finally, we think that reading the statute in the manner urged by the tenant here is consistent with the apparent purposes of G. L. c. 218, §§ 19A and 19B. Both sections are experimental in nature and clearly designed to relieve congestion in the Superior Court, and to facilitate prompt and final determination of disputes.

For all of these reasons we conclude that the order of the District Court judge that the action be returned to

---

[5] General Laws c. 231 was amended by St. 1973, c. 1114, § 193, which struck § 97 and inserted in its place a new § 97 wherein the separate reference to judgments rendered under G. L. c. 239, § 3, was deleted.

the District Court of Southern Essex, which order the judge then reported for appellate review before further proceedings, shall be reversed, and that a new order shall enter which directs that the action shall be transferred to the Central District Court of Northern Essex for trial to a jury of six.

*So ordered.*