Crane, J.
This is a summary process action in which the plaintiff seeks possession of the defendants’ residence following a foreclosure and damages for use and occupancy. Following a jury trial, the court entered judgment for the plaintiff for possession and damages in the amount of $65,100.00.
*175 Defendant Edvar DeSouza (“DeSouza”) gave a mortgage to Saxon Mortgage, Inc., d/b/a Saxon Home Mortgage, on 15 Hillside Avenue, Malden, Massachusetts (“15 Hillside”) on June 15, 2007. Saxon Mortgage, Inc. then executed a written assignment of this mortgage to the plaintiff, Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities Trust 2007-3, on December 17, 2008. This assignment was recorded on January 5,2009. On June 11,2009, the plaintiff entered 15 Hillside and conducted a foreclosure auction pursuant to the statutory power of sale granted in the mortgage. The plaintiff bought 15 Hillside at the auction. Thereafter, on March 22,2010, it recorded a foreclosure deed. It described the grantor in this deed as “Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities Trust 2007-3 c/o Ocwen Federal Bank FSB, 12560 Ingenuity Drive, Orlando, FL 32826,” and granted title to itself using the same description, for a recited consideration of $170,000.00.
The plaintiff commenced this action on June 18, 2012 to obtain possession and damages for use and occupancy. At trial, the defendants claimed that the plaintiff did not hold the mortgage at the date of the foreclosure sale and that the plaintiffs notice of DeSouza’s right to cure any breach of the terms of the mortgage was deficient. After trial, the jury returned a verdict for the plaintiff.
The defendants appeal on two grounds. The first is the trial judge’s ruling that excluded from evidence a document from the Federal Deposit Insurance Corporation (“FDIC”) concerning the date of liquidation of Ocwen Federal Bank FSB (“Ocwen”). The other involves the trial judge’s ruling that limited the defendants’ closing argument on the sufficiency of the notice to DeSouza of his right to cure any alleged breach of the terms of the mortgage.
The trial judge granted the plaintiff’s motion in limine to exclude an excerpt from the records of the FDIC that showed that Ocwen was liquidated effective June 30, 2005. This excerpt was accompanied by a certificate of authentication from the general counsel of the FDIC, not an affidavit. The motion objected to admission of the excerpt based upon best evidence, authenticity, hearsay, and relevance grounds. The trial judge allowed the motion with the endorsement, “Doc violates the best evidence rule.”
The excerpt from the FDIC records was not an original document. The best evidence rule requires that when an opposing party objects to a document that is not the original, a copy may not be admitted in evidence unless it meets one of the exceptions that permit admission of copies. Mass. G. Evid. §1002 (2014). The excerpt from the FDIC’s records concerning Ocwen qualifies for an exception to the best evidence rule. It is a document in the control of a third party that cannot be obtained by a judicial process or procedure. Id. at §1004(b); M.S. BRODIN & M. AVERY, MASSACHUSETTS EVIDENCE §10.3.4, at 605 (8th ed. 2007). The certificate from the general counsel demonstrates that the custodian of these records is located in Washington, D.C., beyond the reach of judicial process from Massachusetts, and not subject to an out-of-state deposition. Rule 7 of the Uniform Summary Process Rules provides for limited discovery and does not provide for depositions to be conducted, in or out of state.
However, the FDIC excerpt should also have been excluded because the date of liquidation of Ocwen was not relevant to the issue of whether the plaintiff was the holder of the mortgage on June 11, 2009, the date of foreclosure. The general rule *176 is that it is not error when an incorrect specific objection is sustained when the evidence is not admissible for other reasons. “Where the evidence is inadmissible on one ground, the fact that the judge relied upon some other, incorrect, ground for excluding the evidence should not require reversal, since a retrial would probably only result in the exclusion of the evidence on the proper ground.” Commonwealth v. Mandeville, 386 Mass. 393, 397 (1982).
Although proposed evidence may satisfy other rules for admissibility, it is not admissible unless it is relevant. Mass. G. Evid. §402 (2014); M.S. BRODIN & M. AVERY, supra at §4.1.2, at 107. The defendants dispute whether the plaintiff held the mortgage on the date of foreclosure. This was appropriate under the principles established by U.S. Bank Nat’l Ass’n v. Ibanez, 458 Mass. 637, 648-651 (2011). Whether Ocwen was liquidated years before or not is not relevant to resolving that dispute. The defendants contend that Ocwen may have owned some interest in the mortgage at the date of foreclosure, and not the plaintiff, because “c/o Ocwen Federal Bank FSB, 12560 Ingenuity Drive, Orlando, FL 32826” appears in the foreclosure deed following the plaintiffs name as grantor. The plaintiff contends that all of the description following the plaintiffs name in the foreclosure deed that includes reference to Ocwen is only a direction for mailing or delivery.
The defendants further contend that Ocwen’s liquidation on June 30,2005 is probative to establish that Ocwen or someone else had some ownership interest in the mortgage. The assignment from Saxon Mortgage, Inc. to the plaintiff makes no mention of Ocwen. There is no evidence of any assignment of the mortgage from the plaintiff to Ocwen or any other party. If it existed, this type of evidence would be probative of whether Ocwen or any other party had any interest in the mortgage on the date of foreclosure. Information about the date of any liquidation of Ocwen is simply not relevant. Mass. G. Evid. §§401, 402 (2014). ‘The concept of relevancy has two components: 1. the evidence must have some tendency to prove or disprove a particular fact; and 2. that particular fact must be material to an issue in the case.” M.S. BRODIN & M. AVERY, supra at §4.1.1, at 106. Whether Ocwen was liquidated before any assignment does not tend to prove or disprove that it held any interest in the mortgage on the date of foreclosure. The assignment, foreclosure deed, and other documents that were in evidence do.
It is noteworthy that the date of Ocwen’s purported liquidation precedes the original mortgage and the written assignment to the plaintiff, and that the affidavit of sale and the certificate of entry make no mention of Ocwen in any capacity. In contrast to Ocwen’s date of liquidation, all of this evidence is relevant to whether Ocwen or anyone other than the plaintiff owned the mortgage on the date of foreclosure. Whether or not Ocwen was liquidated and closed on June 30, 2005, as appearing in the FDIC excerpt, has no relevance to determining whether the plaintiff owned the mortgage on the date of foreclosure or Ocwen had some interest because its name appeared in the foreclosure deed following the plaintiff's name and the “c/o.”
Where the date of liquidation of Ocwen is not relevant, it would not be admissible even if it satisfied the requirements for an exception to the hearsay rule as a business record or public record. Consequently, there is no reason to examine whether it qualified for admission as either. However, we do note that the certificate of the FDIC general counsel was not an affidavit under the pains and penalties of perjury that might authenticate the excerpt as a business record under G.L.c. 233, §78. *177 Further, there was no evidence that any statute or regulation required the FDIC to keep records of liquidation of banks like Ocwen, such that an unsealed certificate from its general counsel would fulfill the requirements of G.L.C. 233, §76 for admission as a public record.
The defendants also claim error because the court did not permit them to argue that the notice to cure was deficient. Specifically, the defendants assert that they were denied the opportunity to argue that the notice was deficient because they claim the notice stated that the plaintiff could accelerate the note but did not state that it could exercise its right of sale if DeSouza did not cure any default. The defendants did not offer any evidence of how they were prejudiced or damaged by this alleged deficiency. The plaintiff contends that the decision in U.S. Bank Natl Ass’n v. Schumacher, 467 Mass. 421 (2014) relieves it of any requirement of strict compliance within any notice of default DeSouza is entitled to receive either under the mortgage or by statute. G.L.c. 244, §35A. The defendants concede that Schumacher applies to notice of the right to cure under G.L.c. 244, § 35A.[4]
Judgment affirmed.

 Nor did the defendants argue “that the violation of §35A rendered the foreclosure so fundamentally unfair that [they are] entitled to affirmative equitable relief, specifically the setting aside of the foreclosure sale ‘for reasons other than failure to comply strictly with the power of sale provided in the mortgage.’” Schumacher, supra at 433 (Gants, J., concurring), quoting Bank of Am. v. Rosa, 466 Mass. 613, 624 (2013).