The plaintiff, James F. O'Leary, separately filed two, now consolidated, actions in 2012. The first action sought to forestall foreclosure on a home in Springfield; failing that, the second action asserted claims of wrongful foreclosure. The gist of O'Leary's claims was that the defendant, HSBC Bank USA, N.A. (HSBC), which foreclosed on the property, was not the lawful mortgagee. HSBC counterclaimed for possession. The note and mortgage are in default and have been for several years. In a series of orders culminating in a final judgment, a Superior Court judge dismissed O'Leary's claims and granted judgment of possession to HSBC. O'Leary appeals. We affirm.
Discussion. This is the second appeal to come before this court regarding the mortgage on the property at 127 Bowles Park in Springfield. In 2012, the Land Court entered a declaratory judgment that HSBC was the current mortgage holder on the property, and this court affirmed that judgment on November 21, 2013. See HSBC Bank USA, N.A. v. O'Leary, 84 Mass. App. Ct. 1121 (2013). Thereafter, and relying on the affirmed judgment from the Land Court, a Superior Court judge dismissed O'Leary's claims and granted summary judgment on HSBC's counterclaims for possession.
In this appeal, O'Leary asserts a variety of errors, among them: (1) that HSBC's counterclaims for possession were transferred to the Housing Court, but then improperly returned to the Superior Court, and that various docket entries relating to this "transfer" were improperly ordered to be "erased" by the Superior Court judge, and (2) that in dismissing O'Leary's wrongful foreclosure claims the Superior Court judge improperly relied on the Land Court judgment declaring that HSBC was the mortgage holder.
We have carefully considered O'Leary's arguments, and they are without merit. The counterclaim for possession was properly within the jurisdiction of the Superior Court, and the judge acted within his discretion in retaining jurisdiction. See Bank of New York v. Bailey, 460 Mass. 327, 333 (2011) ("The Housing Court's jurisdiction over [possession] is concurrent with that of the District Court and Superior Court"); Bank of America, N.A. v. Rosa, 466 Mass. 613, 622-626 (2013). In addition, HSBC's status as mortgagee was established in the prior litigation between the parties, and there was no error in the Court's decision granting judgment of possession. The judgment is affirmed.[4]
Judgment affirmed.
Orders denying motions for reconsideration affirmed.

To the extent we have not explicitly discussed them, we have carefully considered each of the plaintiff's remaining arguments, and find them to be without merit.