NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-800

MTGLQ INVESTORS, LP

vs.

JOHN M. MCGILLEN & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is a post-foreclosure summary process action brought by the plaintiff, MTGLQ Investors, LP, against the pro se defendants, John, Amy, Abigail, and Katy McGillen, to recover possession of a residence located in Harwich, Massachusetts (the premises).  After a bench trial, a judge of the Housing Court found in favor of the plaintiff on its claim of possession.  On appeal, the defendants make several claims of error,[2] including

---

[1] Abigail E. McGillen, Amy J. McGillen, and Katy K. McGillen.  Abigail E. McGillen is now named Abigail Phaup, but as is our custom, we spell the defendant's name as it was spelled in the complaint.

[2] One of the defendants' arguments is that the trial judge lacked professionalism and integrity.  In part they rely on a recent public reprimand of the judge by the Supreme Judicial

that the trial judge did not consider certain evidence they claim proves that the foreclosure auction was fraudulent, which they argue would void the foreclosure sale.  Because the judge appears to have not considered evidence that the defendants had submitted to the court in support of their motion to dismiss and subsequently relied on at trial regarding the deficiencies in the foreclosure auction, we vacate the judgment in favor of the plaintiff and remand the case for a new trial.

Background.  In 2007, facing financial difficulty with unsecured debts, John and Amy McGillen sought to execute a mortgage and promissory note.[3]  They claim that when they arrived at the closing and learned that their monthly payments were more than what they were led to believe and more than they could afford, they walked out of the closing without signing the loan documents.  However, on that same day, a promissory note was created, and the mortgage on the premises was recorded.  About two months after the closing, John and Amy McGillen began receiving mortgage statements seeking monthly payments for the

_____

Court.  See Matter of a Judge, Supreme Judicial Court, No. OE-150 (Dec. 22, 2022).  Neither the facts described in the text of this opinion, nor that reprimand, singly or together, require reversal of the judgment.

[3] The allegations that form the basis of the defendants' primary defense in the summary process action surrounding the mortgage can be found in John and Amy McGillen's first amended complaint in McGillen vs. JP Morgan Chase Bank, N.A., U.S. Dist. Ct., No. 19-11917 (D. Mass. Jan. 31, 2020).

2

2007 loan.  They claim they later learned that Amy McGillen's signature was forged on the mortgage application, and they attempted to contact various agencies including the original bank but were unsuccessful in their attempts to resolve the issue.  The plaintiff sent a notice of default in April of 2008.

In 2020, the plaintiff acquired title to the premises by foreclosure deed following a foreclosure sale at auction of the mortgaged premises.  On May 11, 2022, after sending notice to the defendants to vacate the premises, the plaintiff filed this summary process action in the Housing Court seeking possession.[4] The parties were notified that their first court appearance would be on June 16, 2022, for court-ordered mediation.  The defendants did not file an answer but appeared in court on numerous occasions, and both the plaintiff and the defendants met with a housing specialist for court-ordered mediation.  On September 7, 2022, the defendants filed a written motion to dismiss the summary process action and attached to their motion a thumb drive containing proposed exhibits that purportedly included video footage of the foreclosure sale.[5]

_____

[4] The summary process action was docketed on May 17, 2022.

[5] A docket entry confirmed that the defendants filed a motion to dismiss "with exhibits and thumb drive."

On November 28, 2022, after several unsuccessful attempts to resolve the matter by way of mediation, the parties appeared for the summary process trial.  At the beginning of the summary process trial, the judge first heard arguments on the defendants' motion to dismiss.  The defendants first argued that the 2020 foreclosure auction was conducted fraudulently.  The defendants then contended that in 2007 Amy McGillen's signature was forged on the original mortgage application and that dismissal was warranted because the original mortgage was fraudulently obtained.  After hearing argument, the judge noted that the issue of the forged mortgage instruments was raised by the defendants in a Federal court action that was later dismissed with prejudice.  The judge denied the defendants' motion to dismiss based on principles of res judicata.[6]  The judge did not address the defendants' claim that the 2020 foreclosure auction was fraudulent, thereby potentially invalidating the deed.

The case then proceeded to trial.  The plaintiff did not call any witnesses but called to the judge's attention proposed exhibits filed with the clerk's office including certified copies of the underlying mortgage, various assignments, the

_____

[6] The outcome of that motion is not argued on appeal.

4

order of notice, affidavits and the certificate of entry, and a certified copy of the foreclosure deed.  The plaintiff then argued that these documents established a prima facie case of possession and asserted that because the defendants had failed to file an answer to the complaint, there were no defenses.

The judge then turned to the defendants.  The defendants did not call any witnesses or introduce any exhibits.  Instead, they presented a host of reasons why they believed they should not be evicted, including that the plaintiff should have offered a loan modification; the public auction was riddled with fraud; the plaintiff refused to allow them to repurchase the home and in doing so discriminated against them; and they had filed an action with the Massachusetts Commission Against Discrimination (MCAD).  Abigail McGillen detailed her observations of the foreclosure auction and noted that a video of the foreclosure auction had been submitted.  The judge explained to the defendants that the issue of the MCAD action or the propriety of the originating loan was not before him, and reminded the defendants that the narrow issue to be decided at the trial was who had superior right of possession of the premises.  The defendants then focused their arguments on their claim that the plaintiff did not have superior title because they failed to strictly comply with foreclosure requirements.  The following exchange between the judge and Abigail McGillen occurred:

5

THE JUDGE: "And that may have been really good information to provide to me in some type of a written form --"

ABIGAIL MCGILLEN: "I'm sorry."

THE JUDGE: "-- so that the Court could recognize that as a potential answer; but today you're introducing different items that, frankly, should have been presented to the plaintiff[] long before today in terms of their obligations to respond to that. So I will carefully review --"

ABIGAIL MCGILLEN: "Okay."

THE JUDGE: "-- the foreclosure documentation."

The judge then asked the defendants if they wanted to present anything else, explaining that he had prior experience in real estate, and was familiar with the documents, time standards, and statutes that the defendants had referred to. The defendants concluded their argument by stating that "everything else" should be in the file. We view this comment as referring to the exhibits that had been filed in support of the motion to dismiss.

The judge took the matter under advisement and shortly thereafter, issued his written decision. The judge found that the plaintiff had established its right to possession of the property and that, though recognizing that there appeared to be "significant issues concerning the validity and legality of the underlying [mortgage] documents," the defendants' defense that the underlying mortgage was fraudulently procured was barred by

6

res judicata.[7]  The judge's memorandum of decision was silent regarding the defendants' claim that the plaintiff's deed was invalidated due to fraud in the public auction or consideration of evidence related to that claim.

Discussion.  Summary process cases are civil actions, and the purpose of summary process is "to enable the holder of the legal title to gain possession of premises wrongfully withheld." Wells Fargo Bank, N.A. v. Cook, 87 Mass. App. Ct. 382, 385 (2015), quoting Bank of N.Y. v. Bailey, 460 Mass. 327, 333 (2011).  See Bank of America, N.A. v. Rosa, 466 Mass. 613, 624 (2013).  In Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 834 (2019), the Supreme Judicial Court recognized the unique nature of summary process matters, describing them as "complex, fast-moving, and generally litigated by landlords who are represented by attorneys and tenants who are not."  While we recognize that here the defendants were former homeowners and not tenants, it remains true that the "challenges inherent in navigating a complex and fast-moving process are compounded for those individuals who face summary process eviction without the aid and expertise of an attorney."  Id. at 837.

---

[7] As the defendants do not challenge the judge's ruling on appeal on this ground, we need not reach the issue whether res judicata applied.

Summary process matters are governed by the Uniform Summary Process Rules and, when not in conflict, supplemented by the Massachusetts Rules of Civil Procedure. Adjartey, 481 Mass. at 836-837. A former homeowner is permitted to "challenge the title of the banks in these summary process actions, and . . . can require the banks to establish that title was acquired strictly according to the power of sale provided in the mortgage." Rosa, 466 Mass. at 621. See Bailey, 460 Mass. at 333. A former homeowner can render a foreclosure sale void by mounting a successful challenge to the validity of a bank's title. See Cook, 87 Mass. App. Ct. at 385.

Here, while the judge considered one of the defendants' affirmative defenses, there is no indication that the judge considered the evidence relating to their claim of irregularities in the 2020 foreclosure auction. In the circumstances presented, this omission requires vacating the

judgment and remanding the case for a new trial.[8]  See <u>Morse</u> v.

<u>Ortiz-Vazquez</u>, 99 Mass. App. Ct. 474, 479-482 (2021).

<u>So ordered</u>.

By the Court (Vuono, Rubin &
   Walsh, JJ.[9]),

Clerk

Entered: September 6, 2024.

---

[8] Should any issue about failure to file an answer arise on remand, the court and parties are directed to this court's recent decision in <u>Morse</u> v. <u>Ortiz-Vazquez</u>, 99 Mass. App. Ct. 474, 481 (2021) ("the right to assert affirmative defenses is not waived when an answer is not filed").

[9] The panelists are listed in order of seniority.