APPEALS COURT 
 
 JEFFREY CAMPBELL vs. MANSOUR ABDULLA & others.[1]

 
 Docket:
 24-P-43
 
 
 Dates:
 March 3, 2025 – August 21, 2025
 
 
 Present:
 Sacks, Hershfang, & Tan, JJ.
 
 
 County:
 Essex
 

 
 Keywords:
 Summary Process, Appeal, Notice to quit. Practice, Civil, Summary process. Housing Court. Municipal Corporations, Board of health. Landlord and Tenant, Eviction, Reprisal against tenant. Statute, Construction.
 
 

  
      Summary Process.  Complaint filed in the Northeast Division of the Housing Court Department on November 28, 2022.
           The case was heard by Gustavo A. del Puerto, J., and a motion for reconsideration was considered by him.
      Seon Lyu (Michael Weinhold also present) for Tanya Coffey.
      Mark Burrell for the plaintiff.
      Alycia M. Kennedy & Jane L. Edmonstone, for Springfield No One Leaves & another, amici curiae, submitted a brief.
      HERSHFANG, J.  This is a summary process case in which a tenant, Tanya Coffey, appeals from a judgment of possession in favor of her landlord.  After Coffey reported concerns about her apartment to the Haverhill board of health, a notice of violations issued to her landlord.  The next month, the landlord served Coffey and her family (collectively, the tenants) with a notice to quit for cause.  The tenants' answer raised affirmative defenses, including retaliation under G. L. c. 239, § 2A, and counterclaimed for damages under G. L. c. 186, § 18.  After a bench trial, a judge of the Housing Court found the landlord had established at least one of the cause allegations contained in the notice to quit and awarded him possession and costs.  Although the judge acknowledged the tenants' "facially viable" retaliation defense, he interpreted G. L. c. 239, § 8A, as precluding the defense because this was an eviction for cause rather than for nonpayment of rent.[2]  We vacate the judgment and remand for further proceedings.[3]
      Background.  For many years, the tenants lived in the landlord's apartment pursuant to a written lease for a tenancy at will.  In June 2022, Coffey noticed that the back of her refrigerator, the interior of her oven, and the walls of her home had been damaged.  She believed that rodents were responsible.  She notified the landlord, asking to have the situation remedied as soon as possible.  In August 2022, Coffey also notified the board of health of the infestation; an inspection on August 29, 2022, revealed evidence of rodents (including rodent droppings and a mouse) as well as other violations, triggering a notice of violations dated the next day.
      In September 2022, the landlord served the tenants with a thirty-day notice to quit for cause.  The notice to quit detailed several claimed violations of the lease.
      After a jury-waived trial at which both the landlord and Coffey testified, the judge found that the tenants had committed multiple lease violations.  Although the judge acknowledged the tenants' affirmative defenses, including retaliation, he did not consider them.  Instead, he concluded that, because the landlord "terminated the Defendants' tenancy for cause, affirmative defenses [were] not available to the Defendants" under G. L. c. 239, § 8A.
      Discussion.  Coffey asserts that the judge erred by concluding that the statutory defense of retaliation was not available in this for-cause eviction.  We agree.
      We review questions of statutory interpretation de novo, see Conservation Comm'n of Norton v. Pesa, 488 Mass. 325, 331 (2021), beginning with the plain language of the statute, see Commonwealth v. Escobar, 490 Mass. 488, 493 (2022).  We "presume, as we must, that the Legislature intended what the words of the statute say."  Sheehan v. Weaver, 467 Mass. 734, 737 (2014), quoting Commonwealth v. Young, 453 Mass. 707, 713 (2009).  "Where the language is clear and unambiguous, it is to be given its 'ordinary meaning.'"  Casseus v. Eastern Bus Co., 478 Mass. 786, 795 (2018), quoting Commonwealth v. Mogelinski, 466 Mass. 627, 633 (2013).  "[A] remedial statute . . . should be given a broad interpretation . . . in light of its purpose and to 'promote the accomplishment of its beneficent design.'"  Meikle v. Nurse, 474 Mass. 207, 210 (2016), quoting Seller's Case, 452 Mass. 804, 810 (2008).
      As the judge acknowledged, G. L. c. 239, § 2A, creates a defense to retaliatory actions for summary process.[4]  The statute reads in pertinent part,
"It shall be a defense to an action for summary process that such action . . . was taken against the tenant for the tenant's act of commencing, proceeding with, or obtaining relief in any judicial or administrative action the purpose of which action was to obtain damages under or otherwise enforce, any federal, state or local law, regulation, by-law, or ordinance, which has as its objective the regulation of residential premises, . . . or reporting a violation or suspected violation of law as provided in section eighteen of chapter one hundred and eighty-six . . . ."[5]
"By statute, if a landlord commences an action within six months of such a complaint, a presumption of retaliation arises."  Youghal, LLC v. Entwistle, 484 Mass. 1019, 1023 (2020), citing G. L. c. 186, § 18.
      The landlord sent the notice to quit within a month of Coffey's complaint to the board of health.  Therefore, the statutory presumption of retaliation arose here, triggering the landlord's obligation to prove by clear and convincing evidence that his action "was not a reprisal against the tenant" and that he "had sufficient independent justification for taking such action, and would have in fact taken such action, in the same manner and at the same time the action was taken, regardless of tenants engaging in, or the belief tenants had engaged in" protected reporting.  South Boston Elderly Residences, Inc. v. Moynahan, 91 Mass. App. Ct. 455, 468 (2015), quoting G. L. c. 186, § 18.  Here, though, the judge determined that the retaliation defense was foreclosed by the language of G. L. c. 239, § 8A.
      General Laws c. 239, § 8A, reads in pertinent part,
"In any action under this chapter to recover possession of any premises rented or leased for dwelling purposes, brought pursuant to a notice to quit for nonpayment of rent, or where the tenancy has been terminated without fault of the tenant or occupant, the tenant or occupant shall be entitled to raise, by defense or counterclaim, any claim against the plaintiff relating to or arising out of such property, rental, tenancy, or occupancy for breach of warranty, for a breach of any material provision of the rental agreement, or for a violation of any other law" (emphases added).
      Citing this language, the judge concluded that, because their tenancy had been terminated for cause, "affirmative defenses are not available to the Defendants."
      This was error.  Section 8A "is not the exclusive authority for defenses and counterclaims in summary process."  Bank of Am., N.A. v. Rosa, 466 Mass. 613, 621 (2013).  Strict application to § 8A of "the maxim of statutory construction that the expression of one thing in a statute is an implied exclusion of other things not included in the statute" is unwarranted, Rosa, supra at 619, especially where it would require us to graft to § 2A's use of "an action for summary process" the qualifiers in § 8A -- "pursuant to a notice to quit for nonpayment of rent, or where the tenancy has been terminated without fault of the tenant."  See Commonwealth v. Ubeda, 99 Mass. App. Ct. 587, 595 (2021), quoting Commonwealth v. Mansur, 484 Mass. 172, 176 (2020) ("we will not 'add language to a statute where the Legislature itself has not done so'").  
      The paired retaliation presumptions in G. L. c. 186, § 18 (as to counterclaim), and G. L. c. 239, § 2A (as to defense), apply to for-cause evictions.  See Youghal, LLC, 484 Mass. at 1023–1024, citing South Boston Elderly Residences, Inc., 91 Mass. App. Ct. at 468-469 (under G. L. c. 239, § 2A, "a rebuttable presumption arises, whether or not the action was for nonpayment of rent"); Beacon Residential Mgt., LP v. R.P., 477 Mass. 749, 758 (2017) (identifying § 2A as "viable defense to eviction" in for-cause eviction).  The timing of the notice to quit created a rebuttable presumption of retaliation, and § 2A applied to the tenants' defense.  See Youghal, LLC, supra; Beacon Residential Mgt., LP, supra.
      Accordingly, we vacate the judgment and remand for additional proceedings consistent with this opinion. 
                                          
So ordered.
footnotes

          [1] Tanya Coffey, Ovidio Amaya, and Krystal Coffey.
          [2] The landlord points to a comment the judge made during trial that he would "allow the defense" to argue that the judge did consider the tenants' retaliation defense.  However, regardless of what the judge said during trial, his final ruling was that affirmative defenses were not available to the tenants, and it is plain that he did not consider the tenants' retaliation defense.
               [3] We acknowledge the amicus brief submitted by Springfield No One Leaves and the Massachusetts Fair Housing Center.
               [4] The statute uses the term "reprisal" while much of the case law uses "retaliation."  Interpreting the terms to mean the same thing in this context, we use them interchangeably.
               [5] "[General Laws] c. 186, § 18, creates a damages remedy for tenants, while . . . G. L. c. 239, § 2A, creates a defense to summary process actions.  The two provisions generally parallel each other.  Thus, for example, both prohibit the landlord from retaliating against tenants for engaging in certain protected activities, including reporting code violations."  South Boston Elderly Residences, Inc. v. Moynahan, 91 Mass. App. Ct. 455, 467-468 (2017).