U.S. Bank National Association, trustee,[1] *vs.* John
Schumacher & another.[2]

Worcester. November 7, 2013. - March 12, 2014.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Mortgage,* Foreclosure, Real estate. *Summary Process. Practice, Civil,* Summary process. *Jurisdiction,* Summary process, Housing Court, Equitable. *Notice. Housing Court,* Jurisdiction.

This court concluded that G. L. c. 244, § 35A, which gives a mortgagor of residential real property a ninety-day right to cure a payment default before foreclosure proceedings may commence, is not part of the mortgage foreclosure process; accordingly, in a postforeclosure summary process action, a Housing Court judge did not err in entering judgment in favor of the plaintiff bank for possession of a former homeowner-mortgagor's property, where the mortgagor was precluded from challenging the bank's compliance with the notice provisions of § 35A in such an action. [427-431] Gants, J., concurring, with whom Botsford and Duffly, JJ., joined.

Summary process. Complaint filed in the Worcester County Division of the Housing Court Department on April 12, 2010.

The case was heard by *Timothy F. Sullivan,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Max Weinstein* (*Paul R. Collier, III,* with him) for the defendants.

*Jeffrey S. Patterson* (*Morgan T. Nickerson* with him) for the plaintiff.

The following submitted briefs for amici curiae:

*Allen Acosta, Sora J. Kim, & Uri Y. Strauss* for Community Legal Aid, Inc.

*Geoffry Walsh* for National Consumer Law Center.

*Benjamin O. Adeyinka* for Real Estate Bar Association for Massachusetts, Inc., & another.

---

[1]For Bear Stearns Asset-Backed Securities Trust 2004-AC4.

[2]Edna Schumacher, who died prior to the commencement of this litigation. We shall refer solely to John Schumacher as the defendant in the case.

*Martha Coakley*, Attorney General, *& M. Claire Masinton, Lisa R. Dyen, & Stephanie Kahn*, Assistant Attorneys General, for the Commonwealth.

*Grace C. Ross*, pro se.

SPINA, J. General Laws c. 244, § 35A, inserted by St. 2007, c. 206, § 11, gives a mortgagor of residential real property in the Commonwealth a ninety-day right to cure a payment default before foreclosure proceedings may be commenced.[3] In this summary process action, we consider whether § 35A is part of the foreclosure process itself and, if so, whether a mortgagee's failure to comply strictly with its provisions, particularly the notice requirements, renders a foreclosure sale void. The property at issue was owned by the defendant, John Schumacher, and is located partially in the town of Clinton and partially in the town of Lancaster, at 1204 Main Street (property). On April 12, 2010, U.S. Bank National Association, as trustee for Bear Stearns Asset-Backed Securities Trust 2004-AC4 (bank), filed a summons and complaint in the Worcester County Division of the Housing Court Department against Schumacher, seeking to evict him from the property following its sale to the bank at a foreclosure auction. On May 25, 2012, a judge entered judgment in favor of the bank for possession, plus court costs. Schumacher appealed, and we transferred the case to this court on our own motion. We now conclude that G. L. c. 244, § 35A, is not part of the mortgage foreclosure process. That being the case, and given the deficiencies in the underlying steps that Schumacher took to obtain relief, he is precluded from challenging the bank's compliance with § 35A in this summary process action.[4] Accordingly, we affirm.[5]

1. *Factual and procedural background.* We summarize the

---

[3]Because written notice of the ninety-day right to cure a default was sent to the mortgagor in this case on November 16, 2008, the version of G. L. c. 244, § 35A, that was enacted in 2007 and took effect on May 1, 2008, is applicable. St. 2007, c. 206, §§ 11, 21. General Laws c. 244, § 35A, was amended in 2010 such that, among other things, a mortgagor's right to cure a default was extended, in certain circumstances, from ninety days to 150 days. St. 2010, c. 258, § 7.

[4]As we shall discuss, the proper avenue by which a homeowner can challenge a mortgagee's compliance with G. L. c. 244, § 35A, is either filing an independent equity action in the Superior Court, or asserting counterclaims pertaining to § 35A in response to the mortgagee's postforeclosure summary

relevant facts as stipulated by the parties, supplemented where necessary by undisputed evidence in the record. Schumacher purchased the property on May 24, 2004, and executed a promissory note secured by a mortgage to Union Federal Bank of Indianapolis (Union Federal). The mortgage was recorded in the Worcester County registry of deeds. On March 30, 2006, Union Federal recorded an assignment of the mortgage and the note to Mortgage Electronic Registration Systems, Inc. (MERS), in the Worcester County registry of deeds. In August, 2008, Schumacher defaulted on the mortgage after failing to make the required payments.

Schumacher then received a letter from America's Servicing Company, dated November 16, 2008, which stated: "Our records indicate that your loan is in default. Unless the payment on your loan can be brought current by February 14, 2009, it will become necessary to accelerate your Mortgage and pursue the remedies provided for in your Mortgage. . . . Once acceleration has occurred, we may take steps to terminate your ownership in the property by a foreclosure proceeding or other action to seize the home or pursue any other remedy permitted under the terms of your Mortgage. . . . You have the right to bring a court action to assert the non-existence of the default or any other defense you have to acceleration and sale."[6] The letter

process action in the Housing Court, as explained in *Bank of Am., N.A.* v. *Rosa*, 466 Mass. 613, 621-626 (2013). Schumacher did neither.

[5]We acknowledge the amicus briefs submitted in support of Schumacher by Community Legal Aid, Inc.; National Consumer Law Center; and Grace C. Ross, pro se. We also acknowledge the amicus brief submitted in support of the bank by the Real Estate Bar Association for Massachusetts, Inc., and the Abstract Club. Finally, we acknowledge the amicus brief submitted by the Attorney General on behalf of the Commonwealth.

[6]In accordance with G. L. c. 183, § 21, Schumacher's mortgage incorporated by reference the "Statutory Power of Sale." It provides, in relevant part: "[U]pon any default in the performance or observance of the [statutory condition in the mortgage, relating to payments, insurance, and upkeep,] or other condition, the mortgagee . . . may sell the mortgaged premises . . . by public auction . . . , first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity." G. L. c. 183, § 21. See G. L. c. 183, § 20 (setting forth "statutory condition" in mortgage).

further stated: "The name of the person that originated your loan is N/A. The current mortgagee is U.S. Bank National Association, Trustee [for] Bear Stearns Asset Backed Securities I Trust 2004-AC4 Asset-Backed Certificates, Series 2004-AC4." In fact, the current mortgagee at this point in time was still MERS, to whom Union Federal had assigned Schumacher's mortgage and note. Schumacher failed to cure the default.

On March 10, 2009, MERS assigned Schumacher's mortgage and note to the bank. The assignment was recorded in the Worcester County registry of deeds on July 6, 2009. On or about August 13, 2009, the bank sent Schumacher, by certified mail, notice of its intent to foreclose on the property by a foreclosure sale on or after September 18, 2009. On August 21 and 28, and September 4, 2009, notice of the property's sale at a foreclosure auction was published in The Item, a newspaper having a general circulation in several Massachusetts towns, including Clinton and Lancaster.[7] On or about September 15, 2009, the bank sent Schumacher written notification that the foreclosure sale had been postponed until October 23, 2009.

On October 23, the bank purchased the property at the foreclosure auction for $178,415 and recorded a foreclosure deed in the Worcester County registry of deeds on March 8, 2010. Attached to the foreclosure deed was an affidavit signed by Xee Moua, vice-president of loan documentation for the bank, stating that the principal and interest obligations set forth in the mortgage "were not paid or tendered or performed when due or prior to the sale," and that she had complied with G. L. c. 244, § 14, by mailing the required notices of the foreclosure sale. On March 26, 2010, a notice to quit and vacate the premises within seventy-two hours was served on Schumacher. He continued to occupy the property.

The bank initiated the present summary process action on April 12, 2010, in the Housing Court. Schumacher filed an

---

[7]General Laws c. 244, § 14, provides that, prior to foreclosure under a power of sale, a mortgagee shall publish notice of the sale in a local newspaper "once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of sale," and shall send notice of the foreclosure sale by registered mail to the owner of record within statutorily prescribed time periods.

answer in which he denied all of the allegations, including that the bank was the rightful owner of the property through foreclosure, and that he was occupying the property unlawfully. Schumacher alleged, without citation to any specific statutes, that the bank's purported foreclosure was "invalid and unenforceable" and, therefore, the bank had "no legal or equitable right to the [p]remises." Schumacher also raised several counterclaims, asserting that the bank had violated G. L. c. 93, § 49 (unfair, deceptive, or unreasonable debt collection procedures); G. L. c. 93A, § 2 (unfair methods of competition or deceptive acts or practices); 209 Code Mass. Regs. § 18.21 (2004) (unfair loan servicing practices); and 940 Code Mass. Regs. § 7.07 (1993) (unfair or deceptive acts or practices in debt collection); and had caused intentional infliction of emotional distress. However, he made no mention of any problems concerning the notice of his ninety-day right to cure a payment default pursuant to G. L. c. 244, § 35A.

The bank filed a motion for summary judgment and to dismiss Schumacher's counterclaims, arguing that Schumacher was not entitled to assert counterclaims in a postforeclosure summary process action. Schumacher opposed the bank's motion on the grounds that he had cured the default on his mortgage prior to the foreclosure sale, and that the bank had unlawfully foreclosed on the property. In a ruling dated July 6, 2010, a judge in the Housing Court stated that Schumacher's arguments, which were supported by documentary evidence and by an affidavit from Schumacher, called into question the validity of the foreclosure sale, a matter outside the jurisdiction of the Housing Court. The judge continued the case for sixty days to allow Schumacher to obtain an order in his favor from an appropriate court.

On September 8, 2010, Schumacher filed a complaint for declaratory judgment and injunctive relief in the Superior Court.[8] Among other allegations of purported wrongdoing by the bank, Schumacher asserted that the foreclosure was unlawful because the bank was not the mortgagee at the time of the foreclosure sale. Once again, he did not allege any violations of G. L. c. 244,

---

[8] We may take judicial notice of the court papers filed in related cases. See *Brookline* v. *Goldstein*, 388 Mass. 443, 447 (1983).

§ 35A. On January 13, 2011, a judge dismissed Schumacher's complaint.[9]

Meanwhile, on October 1, 2010, given that Schumacher had not by then obtained favorable relief from the Superior Court, the Housing Court judge proceeded to hold a hearing on the bank's pending motion for summary judgment and to dismiss Schumacher's counterclaims. The judge denied the bank's motion for summary judgment, stating that there was a genuine issue of material fact as to its right of superior possession, but she allowed the bank's motion to dismiss Schumacher's counterclaims. Schumacher proceeded to file numerous actions in various courts over the next eighteen months, none of which is relevant to this appeal.

Finally, the parties submitted a joint pretrial memorandum in the summary process action before the Housing Court that included stipulated facts and agreed-on exhibits. For the first time, Schumacher alleged that a contested issue of law was whether the notice of his ninety-day right to cure a default satisfied the provisions of G. L. c. 244, § 35A, and, if not, whether the foreclosure was void.[10] On April 30, 2012, Schumacher executed a written waiver of his right to a jury trial. The bank subsequently filed a memorandum of law in which it argued that it had demonstrated full compliance with G. L. c. 244, § 14, setting forth the procedures for foreclosure under a power of sale. Further, the bank argued that Schumacher could not use a summary process action to challenge the sufficiency of the preforeclosure notice of his ninety-day right to cure a default, a matter that was unrelated to the power of sale. Schumacher conversely alleged that the bank's evidence that it had strictly complied with the provisions of G. L. c. 244, § 14, was insufficient and not credible. He further argued that the provision of

[9]According to the bank, Schumacher did not serve his complaint on the bank. Schumacher did not oppose the bank's motion to dismiss based on his failure to prosecute.

[10]The other contested issue presented in the joint pretrial memorandum was whether the bank was an existing entity that was entitled to bring this summary process action. Because Schumacher has not raised this issue in his appellate brief, it is deemed waived. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). See *Travenol Lab., Inc.* v. *Zotal, Ltd.,* 394 Mass. 95, 97 (1985).

proper notice of the right to cure a default pursuant to G. L. c. 244, § 35A, is a legally required step in the foreclosure process, and that the notice here was deficient because it did not accurately disclose "the mortgagee, or anyone holding thereunder." G. L. c. 244, § 35A (*c*) (4). Accordingly, Schumacher claimed that the foreclosure was void. On May 25, 2012, a different Housing Court judge entered judgment in favor of the bank for possession, plus court costs. In his order, the judge stated that "[n]o credible defenses were presented" and, therefore, the bank enjoyed a superior right of possession and was entitled to judgment.

2. *Standard of review.* On review of a jury-waived proceeding, we accept the judge's findings of fact unless they are clearly erroneous. *Cavadi* v. *DeYeso*, 458 Mass. 615, 624 (2011). See *Twin Fires Inv., LLC* v. *Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 420 (2005) ("we are bound by a judge's findings of fact that are supported by the evidence, including all inferences that may reasonably be drawn from the evidence"). However, where, as here, the judge's findings are based not on an assessment of witness credibility but "solely on documentary evidence[,] we may draw our own conclusions from the record." *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 616 (1980). See *Commonwealth* v. *Pugh*, 462 Mass. 482, 495 (2012), quoting *Commonwealth* v. *Novo*, 442 Mass. 262, 266 (2004) ("lower court findings based on documentary evidence available to an appellate court are not entitled to deference"). We review the judge's rulings on questions of law de novo. *T.W. Nickerson, Inc.* v. *Fleet Nat'l Bank*, 456 Mass. 562, 569 (2010). In addition, "[w]e examine the judge's imposition of equitable remedies under an abuse of discretion standard." *Cavadi* v. *DeYeso, supra*, quoting *Demoulas* v. *Demoulas*, 428 Mass. 555, 589 (1998).

3. *Discussion.* The thrust of Schumacher's argument in this summary process action is that the November 16, 2008, letter from America's Servicing Company, notifying Schumacher of his ninety-day right to cure a required payment default, falsely identified the bank as the "current mortgagee" and, therefore, did not satisfy the notice requirements of G. L. c. 244, § 35A (*c*) (4), because the bank was not the then-current holder of Schu-

macher's mortgage.[11] Schumacher contends that the bank's failure to comply with this statutory provision deprived the bank of authority to foreclose on the mortgage by the statutory power of sale, thereby rendering the foreclosure void. Because the foreclosure was void, Schumacher continues, the foreclosure deed did not convey good title to the bank and, therefore, the bank lacked a right of possession to the property that was superior to that of Schumacher.

We begin by discussing the nature of a summary process action vis-à-vis the § 35A claim Schumacher ultimately raised in his pretrial memorandum of law. Summary process is a statutory cause of action that enables a person to recover possession of land that is acquired through a mortgage foreclosure sale. See G. L. c. 239, § 1. See also *Bank of N.Y.* v. *Bailey*, 460 Mass. 327, 332-333 (2011). "Challenging a plaintiff's entitlement to possession has long been considered a valid defense to a summary process action for eviction where the property was purchased at a foreclosure sale." *Id.* at 333. "The purpose of summary process is to enable the holder of the legal title to gain possession of premises wrongfully withheld. Right to possession must be shown and legal title may be put in issue. . . . Legal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage; *and that alone is subject to challenge*" (emphasis added). *Id.*, quoting *Wayne Inv. Corp.* v. *Abbott*, 350 Mass. 775, 775 (1966). See *Lewis* v. *Jackson*, 165 Mass. 481, 486-487 (1896) (to make prima facie showing of title, mortgagee only needs to prove that it obtained deed to property at issue, and that deed and affidavit of sale, showing compliance with power of sale, were duly recorded). Failure to comply strictly with the power of sale renders the foreclosure sale void. See *U.S. Bank Nat'l Ass'n* v. *Ibanez*, 458 Mass. 637, 646-647 (2011), and cases cited.

---

[11]General Laws c. 244, § 35A (*c*) (4), inserted by St. 2007, c. 206, § 11, provides: "The notice required in subsection (*b*) shall inform the mortgagor of the following: . . . the name and address of the mortgagee, or anyone holding thereunder, and the telephone number of a representative of the mortgagee whom the mortgagor may contact if the mortgagor disagrees with the mortgagee's assertion that a default has occurred or the correctness of the mortgagee's calculation of the amount required to cure the default."

Here, the issue presented by Schumacher is not that the bank failed to acquire legal title to the property in strict accordance with the power of sale as set out in G. L. c. 183, § 21, and further regulated by G. L. c. 244, §§ 11-17C. See *Ibanez, supra* at 646. Rather, Schumacher seeks to use the bank's summary process action to invalidate the foreclosure and, by extension, the bank's title to the property, by arguing that the notice of his ninety-day right to cure a default, issued pursuant to G. L. c. 244, § 35A, was deficient. Schumacher's challenge to the notice should have been raised in an independent equity action in the Superior Court, not in a postforeclosure summary process action in the Housing Court where the only legal issue for the court is whether the mortgagee obtained title to the property in strict accordance with the power of sale. See G. L. c. 214, § 1 (granting Superior Court "original and concurrent jurisdiction [with the Supreme Judicial Court] of all cases and matters of equity cognizable under the general principles of equity jurisprudence"); *Wayne Inv. Corp.* v. *Abbott*, 350 Mass. at 775 (mortgagor asserting grounds to set aside foreclosure other than mortgagee's failure to acquire title strictly according to power of sale must seek "affirmative relief in equity"), citing *New England Mut. Life Ins. Co.* v. *Wing*, 191 Mass. 192, 195-196 (1906).[12] See also *Ibanez*, 458 Mass. at 646 ("Even where there is a dispute as to whether the mortgagor was in default or whether the party claiming to be the mortgage holder is the true mortgage holder, the foreclosure goes forward unless the mortgagor files an action and obtains a court order enjoining the foreclosure"). Although Schumacher did file a complaint for

---

[12]We recently concluded in *Bank of Am., N.A.* v. *Rosa*, 466 Mass. at 621-626, that, apart from filing an independent equity action in the Superior Court, a homeowner can challenge a mortgagee's title to foreclosed property on grounds other than strict compliance with the terms of the power of sale by presenting affirmative defenses or counterclaims in a postforeclosure summary process action in the Housing Court. Given that *Rosa* was decided several years after Schumacher filed his answer to the bank's summary process action, the option of challenging the bank's compliance with G. L. c. 244, § 35A, in a counterclaim was not available to Schumacher. Nonetheless, we note that he did not attempt to present the issue in his counterclaims, even though he raised therein other matters that were unrelated to the bank's compliance with the terms of the power of sale. The concurring opinion of Justice Gants accurately reflects the practical consequences of our decision today in conjunction with our decision in *Bank of Am., N.A.* v. *Rosa, supra.*

declaratory judgment and injunctive relief in the Superior Court on September 8, 2010, he did not allege any violations of the notice requirements of G. L. c. 244, § 35A, and the judge ultimately dismissed the complaint based on Schumacher's failure to prosecute. See note 9, *supra.*

Notwithstanding this procedural defect, Schumacher challenges the bank's legal title to the property by attempting to engraft the required notice provisions of § 35A onto the power of sale. He directs our attention to language in G. L. c. 183, § 21, setting forth the "Statutory Power of Sale," which provides that, before a mortgagee may sell mortgaged premises by public auction after a default, the mortgagee first must comply "with the terms of the mortgage and with *the statutes relating to the foreclosure of mortgages by the exercise of a power of sale*" (emphasis added). Schumacher contends that G. L. c. 244, § 35A, is one such statute and, thus, is part and parcel of foreclosure proceedings by the exercise of a power of sale. As a consequence, he continues, the bank's purported noncompliance with the provisions of § 35A may be challenged in a summary process action. We disagree.

General Laws c. 244, § 35A, was enacted in 2007 as part of "An Act protecting and preserving home ownership," with the purpose of providing "mortgage protection for existing and new home owners." St. 2007, c. 206, preamble. Consistent with this purpose, the statute affords homeowners who have fallen behind in their mortgage payments a ninety-day right to cure a default. G. L. c. 244, § 35A (*a*). Significantly, a mortgagee "shall not accelerate the maturity of the unpaid balance of [the] mortgage . . . until at least 90 days after the date a written notice [regarding the right to cure] is given by the mortgagee to the mortgagor," G. L. c. 244, § 35A (*b*), at which point a mortgagee then can commence the foreclosure process by invoking the statutory power of sale. See G. L. c. 183, § 21; G. L. c. 244, §§ 11-17C.

"The foreclosure of a mortgage in the natural and common usage of words means a termination of all rights of the mortgagor or his grantee in the property covered by the mortgage." *Levin* v. *Century Indem. Co.*, 279 Mass. 256, 259 (1932). The underlying purpose of § 35A strongly suggests that a homeowner's right to cure a default is not the first step in terminating the

mortgagor's rights. To the contrary, § 35A is designed to give a mortgagor a fair opportunity to cure a default before the debt is accelerated and before the foreclosure process is commenced through invocation of the power of sale. A homeowner's right to cure a default is a preforeclosure undertaking that, when satisfied, eliminates the default and wholly precludes the initiation of foreclosure proceedings in the first instance, thereby protecting and preserving home ownership. See *Santiago* v. *Alba Mgt., Inc.,* 77 Mass. App. Ct. 46, 52 (2010) (right to foreclose "arises only if the underlying debt has *not* been paid, . . . so it would be anomalous, to say the least, for a foreclosure to proceed after a preforeclosure satisfaction of the mortgage debt" [emphasis in original]). That a mortgagee is prohibited from accelerating the maturity of the unpaid balance of the mortgage during the ninety-day cure period is a clear indication that foreclosure proceedings do not commence with the issuance of the written notice. To conclude otherwise would be contrary to the purpose of § 35A. It follows, therefore, that G. L. c. 244, § 35A, is not one of the statutes "relating to the foreclosure of mortgages by the exercise of a power of sale." G. L. c. 183, § 21. Cf. *Sovereign Bank* v. *Sturgis,* 863 F. Supp. 2d 75, 102 (D. Mass. 2012), citing *Ibanez,* 458 Mass. at 646 (obligation to comply with G. L. c. 244, § 35A, separate from statutory power of sale).

4. *Conclusion.* For the reasons stated in this opinion, the judgment of the Housing Court granting possession of the property to the bank is affirmed.

*So ordered.*

GANTS, J. (concurring, with whom Botsford and Duffly, JJ., join). I concur with the court's opinion but write separately to explain my understanding of the practical consequence of this opinion where mortgage borrowers claim a violation of G. L. c. 244, § 35A, inserted by St. 2007, c. 206, § 11. I do so with the recognition that many mortgage borrowers who will claim such violations will not have the benefit of legal representation, and that our jurisprudence in this area of law is difficult for even attorneys to understand.

As the court notes, see *ante* at note 4, where a homeowner who is facing foreclosure claims that the mortgage holder has failed to provide timely and adequate written notice of the right to cure the default in payment of the mortgage, in violation of § 35A, the homeowner may file an equitable action in Superior Court seeking to enjoin the foreclosure. Because, under § 35A (*b*), the mortgage holder "shall not accelerate maturity of the unpaid balance of [the] mortgage obligation or otherwise enforce the mortgage because of a default consisting of the mortgagor's failure to make any such payment" until the required time period has elapsed after the required written notice has been provided to the mortgagor by the mortgage holder, the foreclosure may not proceed if the mortgagor proves that the mortgage holder has failed to give the required notice or failed to wait the required time period. If the mortgagor proves a violation of § 35A, the mortgage holder must provide the proper notice required by § 35A and wait to see if the borrower will cure the default within the required time period before recommencing the foreclosure proceeding.

Where the homeowner does not challenge the mortgage foreclosure in court, and finds herself a defendant in a summary process action that seeks to evict her from the foreclosed home she continues to occupy, she may assert a defense or counterclaim in Housing Court challenging whether the bank or other party that purchased the property at the foreclosure auction lawfully holds title to the property. See *Bank of Am., N.A.* v. *Rosa*, 466 Mass. 613, 621-625 (2013); *Bank of N.Y.* v. *Bailey*, 460 Mass. 327, 332-333 (2011). Where a defendant in the summary process action claims that the mortgage holder failed strictly to adhere to the requirements under the statutory power of sale set forth in G. L. c. 183, § 21, and the related requirements in G. L. c. 244, §§ 11-17C, proof of *any* violation of these requirements will void the foreclosure sale and, therefore, defeat the eviction. See *U.S. Bank Nat'l Ass'n* v. *Ibanez*, 458 Mass. 637, 646 (2011), quoting *Moore* v. *Dick*, 187 Mass. 207, 211 (1905) ("we adhere to the familiar rule that 'one who sells under a power [of sale] must follow strictly its terms. If he fails to do so there is no valid execution of the power, and the sale is wholly void' "). However, where a defendant in the summary

process action claims a violation of the requirements in § 35A to provide timely and adequate written notice of the right to cure the default, the defendant must prove more than a mere violation of § 35A to defeat the eviction because, as the court notes, § 35A "is not one of the statutes 'relating to the fore-closure of mortgages by the exercise of a power of sale.' " *Ante* at 431, quoting G. L. c. 183, § 21. Rather, to defeat the evic-tion, the defendant must prove that the violation of § 35A rendered the foreclosure so fundamentally unfair that she is entitled to affirmative equitable relief, specifically the setting aside of the foreclosure sale "for reasons other than failure to comply strictly with the power of sale provided in the mortgage." *Bank of Am., N.A.* v. *Rosa, supra* at 624.