Josephson, Bertha D., J.
INTRODUCTION
The defendant moves to dismiss on the grounds that the plaintiffs are not entitled to the relief they seek. The case arises from a previous foreclosure action. The plaintiffs filed a verified complaint alleging a violation of G.L.c. 244, §35A and c. 206, §11 (Count I) and a violation of G.L.c. 244, §14 (Count n). The plaintiffs seek injunctive relief, reasonable attorneys fees and damages, and punitive damages.
BACKGROUND
On August 19, 2006, the plaintiffs entered a loan refinancing arrangement with Castle Point Mortgage, Inc. through a promissory note made payable to Castle Point Mortgage, Inc. and executed a separate contractual security instrument agreement (a mortgage) whereby the plaintiffs pledged their property to secure the note.
On or about March 7, 2012, plaintiffs filed a verified complaint (HSCV2010-00050) for 1) injunctive relief (arguing that Defendant as a purported “assignee” does not hold any legally enforceable right to the plaintiffs’ instrument of indebtedness or mortgage and is therefore not a real party in interest under c. 244, §14), 2) 93A, and 3) slander of title. On February 28, 2014, the Court (Kinder, J.) granted Defendant’s motion for summary judgment. Plaintiffs filed a timely notice of appeal.
After the appeal, the plaintiffs received numerous letters from their “loan servicer” stating that the plaintiffs’ loan was owned by The Remic Trust Series 2009-10 (note the Defendant is Series 2009-09).
On June 6, 2014, the plaintiffs filed a motion for relief firom judgment based upon newly discovered evidence, which was denied by the Court (Kinder, J.). On September 2, 2014, the appeal was formally docketed in the appellate court (2014-P-1341). On or about September 8, 2014, the Defendant scheduled a foreclosure auction sale under c. 244, §14 for September 11, 2014.
On October 4, 2008, the plaintiffs were provided with a 35A letter and right to cure. The law at the time required a new 35A letter to be delivered once during any 5-year time period. This letter was used for the earlier attempt, now on appeal, to foreclose. On August 8, 2014, the Defendant issued another first publication of auction sale for the September 2014 foreclosure. The Defendant relied upon the October 2008 section 35A letter and “right to cure.” The plaintiffs did not receive a new letter. The plaintiffs attempted to notify the Defendant, through counsel, of the alleged *706 deficiency prior to filing an action, but the attempt to resolve what they see as a defect was unsuccessful.
On October 8, 2008, the plaintiffs defaulted on their mortgage payment and a notice to cure was sent. The notice informed the plaintiffs that they had 90 days to cure the default and failure would result in a foreclosure proceeding. On August 13, 2009, the loan was accelerated. The plaintiffs did not cure the default, so foreclosure proceedings began in 2011. A foreclosure was scheduled to take place in November 2011, but was delayed due to the plaintiffs’ action in Land Court (09 MISC 409665), which challenged the Defendant’s standing as mortgagee. The Land Court issued judgment in favor of the Defendant. The plaintiffs then filed the action mentioned above in Superior Court. When they appealed the decision, the plaintiffs did not seek a stay of the foreclosure proceeding pending the appeal.
The Defendant voluntarily postponed the foreclosure to October 2, 2014. On September 26, 2014, the Court (Ford, J.) denied the plaintiffs’ request for an injunction and/or stay pending appeal.
DISCUSSION
G.L.c. 244, section 35A, provides in part:
(a) any mortgagor... shall have a 90-day right to cure a default... By full payment of all amounts that are due without acceleration of the maturity of the unpaid balance of such mortgage. The right to cure default of a required payment shall be granted during any five-year period, regardless of the mortgage holder.
(b) the mortgagee . . . shall not accelerate the maturity of the unpaid balance of such mortgage . . . until at least 90 days after the date of a written notice is given by the mortgagee to the mortgagor.
A mortgagee can commence the foreclosure process by invoking the statutory power of sale once at least 90 days has elapsed since the date of the written notice is given to the mortgage or regarding the right to cure. U.S. Bank National Association v. Schumacher, 467 Mass. 421 at 430 (2014).
Here, the section 35Aletterwas sent on October8,2008. Accordingly, the plaintiffs’ debt could not be accelerated and foreclosure could not be initiated until after January 8, 2009. Because foreclosure and acceleration took place approximately eight months after the notice to cure, the action was within the statutory guidelines. There is no expiration on the notice to cure. See, Stokes v. Wells Fargo, 37 F.Sup.3d 525 (D.Mass. 2014). The defendant correctly maintains that it was not required to essentially restart the foreclosure process because the plaintiffs had stalled the proceedings to a point where it was five years after the initial notice. The statute refers to how many chances a borrower has to cure within a five-year period, not how often a lender must provide a borrower with the chance to cure. Since the plaintiffs did not cure the defect the first time, the defendant’s contention that they are not entitled to another chance to cure is correct.
The defendant argues that the plaintiffs are trying to make section 35A part of the foreclosure process when it is not, as it mandates a chance to cure the default prior to foreclosure. In a similar case, the Appeals Court in an unpublished decision pursuant to Rule 1:28, “declined to create an additional requirement (not present in the language of the statute) that foreclosure proceedings must also be completed within five years of the notice particularly where, as here, there is no allegation that the foreclosing entity was at fault for the delay.” See, Cruz v. Bank of New York Mellon Trust Company, 2015 Mass.App. Unpub. LEXIS 672.
The defendant correctly points out that there is no support for the c. 244, §14 violation, as this is the claim currently on appeal and the plaintiffs brought this claim only to “preserve their rights” regarding the issue.
Here, there are no real questions of fact, only questions of statutory legal interpretation. The defendant is correct that anything relating to the 2011 foreclosure is
precluded. Because the August publication is a continuation, that also is precluded. Even if it is considered a new proceeding, the plaintiffs have no support at law for the contention that they were entitled to a new 35A letter. To conclude otherwise, would permit a party to delay foreclosure proceedings long enough to force the lender to restart the proceedings again and again, thereby preventing the foreclosure from ever occurring.
CONCLUSION
For the reasons stated above, the defendant’s motion to dismiss is ALLOWED.