Coven, J.
In this residential summary process appeal from a jury trial verdict in favor of U.S. Bank National Association, as Trustee of RASC 2005AHL1 c/o GMAC Mortgage, LLC (“U.S. Bank”), for both possession and occupancy charges, we conclude that a judgment in favor of the defendants, Elaine and Susan Rotondi (“Rotondis”), is to enter.
Elaine and Susan Rotondi are sisters living at the residential properly at issue. On June 17, 2005, the Rotondis refinanced the properly with Accredited Home Lenders, Inc. and granted it a mortgage, with Mortgage Electronic Registration Systems (“MERS”) acting as the nominee. The Rotondis defaulted on the mortgage, and on February 17, 2009, Homecoming Financial sent to them a purported G.L.c. 244, §35A right-to-cure notice, informing them of their loan default and offering them an opportunity to cure the default In the notice, Homecoming Financial identified itself “as servicing agent, or otherwise [acting] on behalf of, U.S. Bank, NA” The mortgage was assigned to U.S. Bank on July 13, 2010. A foreclosure sale occurred on June 17, 2011, and U.S. Bank was, itself, the purchaser.
The trial took place on March 20 and 21 of 2014, eight days after U.S. Bank Nat'l Ass’n v. Schumacher, 467 Mass. 421 (2014) CSchumacher), was decided by the Supreme Judicial Court. In Schumacher, the Court concluded that G.L.c. 244, §35A, was not a statute “relating to the foreclosure of mortgages by the exercise of a power of sale,” G.Lc. 183, §21, and, therefore, failure to comply strictly with that statute would not render title obtained by foreclosure void. Schumacher, supra at 422.
The Rotondis acknowledged the Schumacher decision, but raised as a challenge compliance with paragraph 22 of the mortgage.[3] Specifically, in their motion for a *199 directed verdict, they raised the issue that the lender, Accredited Home Lenders, Inc., did not comply with paragraph 22. Rather, Homecoming Financial, as servicing agent, or otherwise on behalf of U.S. Bank, sent to them a right-to-cure notice, informing them of their loan default and offering them an opportunity to cure the default before the mortgage was assigned to U.S. Bank.
The trial judge, having the benefit of Schumacher and reasoning that the principle of that decision would apply equally to the similar right-to-cure notice required under paragraph 22,[4] denied the Rotondis’ motion for a directed verdict, Mass. R. Civ. P., Rule 50, and refused the request of the Rotondis to instruct the jury on the issue of compliance with this paragraph.[5] The motion for a directed verdict should have been allowed.
This Division has recently stated that, notwithstanding the holding of Schumacher, strict compliance with the provisions of paragraph 22 is a requirement for there to exist a valid foreclosure. In Federal Home Loan Mtge. Corp. v. LaPorta, 2015 Mass. *200 App. Div. 64, we held that a foreclosure was invalid where the named lender did not send the required notice-to-cure letter, but, rather, the notice was sent by an entity that did not hold the mortgage at the time the notice was sent. The entity was not the “Lender” as that term was used in paragraph 22. It “held no interest in the mortgage and acted with no authorization from the mortgagee.” Id. at 67. Likewise, here, the “Lender,” i.e., Accredited Home Lenders, Inc., did not send the notice; rather, the servicing agent for U.S. Bank sent notice at a time when U.S. Bank had no interest in that mortgage.
During the pendency of this appeal, the Supreme Judicial Court in Pinti v. Emigrant Mtge. Co., 472 Mass. 226 (2015), decided, consistent with our LaPorta analysis, that paragraph 22 of the mortgage is a provision that must strictly be complied with in order to conduct a valid foreclosure and failure to comply would render the title obtained by a purchaser at foreclosure void. Pinti, supra at 240-244.[6]
As a matter of fact, there was no compliance with the notice provisions of paragraph 22. Notice was not sent from a party holding the mortgage at the time. Rather, Homecoming Financial, which sent a purported §35A right-to-cure notice, identified itself “as servicing agent, or otherwise [acting] on behalf of, U.S. Bank, NA,” which had not acquired the mortgage. As a matter of law, the title obtained by U.S. Bank is void. LaPorta, supra.
The judgment is reversed, and the following entry shall be made in the trial court: Judgment for defendants.[7]

 Paragraph 22 of the mortgage provides in full:
Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument.... The notice shall specify: (a) the default; (b) *199 the action required to cure the default; (c) a date, not less than [thirty] days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys’ fees and costs of title evidence.
If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys’ fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

 “[T]here are substantive similarities between §35A and paragraph 22: both require notice of default, of the right to cure, of the deadline by which the default must be cured, and that failure to cure the default may result in acceleration and foreclosure by sale.” Pinti v. Emigrant Mtge. Co., 472 Mass. 226, 239 (2015).

 The docket reflects that following the entry of judgment, the Rotondis filed a motion for judgment notwithstanding the verdict, to amend judgment, or for a new trial. The motion was denied.

 The Court in Pinti also held that its decision would “apply to mortgage foreclosure, sales of properties that are the subject of a mortgage containing paragraph 22 or its equivalent and for which the notice of default required by paragraph 22 is sent after [July 17,2015].” Id. at 243. The Court applied its holding to the parties, however, citing to Eaton v. Federal Nat’l Mtge. Ass’n, 462 Mass. 569, 589 (2012), and cased cited therein. We, too, apply the rule to the present case. The issue was argued and preserved in the trial court Its application in this case is consistent with Galiastro v. Mortgage Elec. Registration Sys., 467 Mass. 160 (2014), wherein the Court stated “that the interpretation of ‘mortgagee’ announced in Eaton is applicable to cases that were pending on appeal in the Appeals Court when the rescript in Eaton issued, and in which the litigants asserted and preserved a claim that a foreclosure by power of sale is invalid where the foreclosing mortgagee does not hold the note. Where multiple cases await appellate review on precisely the same question, it is inequitable for the case chosen as a vehicle to announce the court’s holding to be singled out as the ‘chance beneficiary’ of an otherwise prospective rule.” Id. at 167-168. Additionally, the issue of concern to the Court in Pinti was that, because a paragraph 22 notice is not a matter of record, ascertaining if there had been compliance may not be possible. Pinti, supra at 243. Here, U.S. Bank was in a position to know. See Aurora Loan Servs., LLC v. Murphy, Mass. App. Ct., No. 13-P-874, slip op. at 7-11 (Dec. 11, 2015).

 Because, as matter of law, the paragraph 22 issue is dispositive, we need not discuss the other claimed errors.