NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12075


SANDRO TURRA  vs.  DEUTSCHE BANK TRUST COMPANY AMERICAS,
trustee,[1] & another.[2]


January 30, 2017.


Mortgage, Foreclosure.  Notice, Foreclosure of mortgage.  Real
     Property, Mortgage.


     The plaintiff, Sandro Turra, commenced this action against
Deutsche Bank Trust Company Americas, as trustee for RALI
2007QS7, care of GMAC Mortgage, LLC (Deutsche Bank), seeking a
declaration that Deutsche Bank's foreclosure of the mortgage on
his home was invalid and seeking to quiet title to the property.
A judge in the Superior Court allowed Deutsche Bank's motion to
dismiss the complaint, and Turra appealed.[3]  The appeal raises a
single issue:  whether a foreclosing mortgagee's failure to
comply with G. L. c. 244, § 15A, by failing to send the
postforeclosure notices required by the statute, renders the
foreclosure void.  We conclude, as did the trial court judge,
that it does not, and we therefore affirm.

     Background.  On April 3, 2007, Turra executed a mortgage on
the property in question to Mortgage Electronic Registration

---

     [1] For RALI 2007QS7, care of GMAC Mortgage, LLC.

     [2] Gislayne Turra.

     [3] We transferred the case from the Appeals Court on our own
motion.

Systems, Inc. (MERS), as mortgagee.[4]  The lender was Homecomings Financial, LLC.  On August 12, 2010, MERS assigned the mortgage to Deutsche Bank.  Then, on November 8, 2010, Deutsche Bank, through its servicing agent GMAC Mortgage, LLC, notified Turra that he was in default under the terms of the mortgage. Deutsche Bank subsequently foreclosed on the home on January 15, 2013.  In April, 2013, Deutsche Bank commenced a summary process action against Turra in the District Court.  Turra then commenced this action in the Superior Court, where his motion to transfer the summary process action and consolidate it with this case was allowed.

In response to Deutsche Bank's motion to dismiss his complaint, Turra argued, among other things, that the foreclosure was void because Deutsche Bank failed to strictly comply with the power of sale as set forth in G. L. c. 183, § 21, and further regulated by G. L. c. 244, §§ 11-17C.  See U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 646 (2011) (Ibanez).  In particular, Turra argued that Deutsche Bank failed to comply with G. L. c. 244, § 15A, which provides that

> "a mortgagee conveying title to mortgaged premises pursuant to the provisions of this chapter shall, within thirty days of taking possession or conveying title, notify . . . the office of the assessor or collector of taxes of the municipality in which the premises are located and any persons, companies, districts, commissions or other entities of any kind which provide water or sewer service to the premises, of said taking possession or conveying title."

Deutsche Bank did not dispute that it did not provide the required postforeclosure notifications, but argued that this did not render the foreclosure void.  The trial judge agreed, noting that the duty of notification imposed by § 15A arises after foreclosure and is not a duty that affects the right to foreclose.[5]

---

[4] At the time Turra purchased the home and executed the mortgage, he also conveyed the home to himself and his wife, Gislayne Turra, as tenants by the entirety.  Turra and his wife have since divorced, and she was no longer residing in the home at the time of the foreclosure.

[5] We acknowledge the amicus brief submitted by New England Legal Foundation; the Real Estate Bar Association for Massachusetts, Inc.; and the Abstract Club.

Discussion. Where, as here, a mortgage grants the mortgage holder the power of sale, "it includes by reference the power of sale set out in G. L. c. 183, § 21, and further regulated by G. L. c. 244, §§ 11-17C." Ibanez, 458 Mass. at 646. As we stated in the Ibanez case, one who sells under that power of sale "must follow strictly its terms" or the sale will be "wholly void." Id., quoting Moore v. Dick, 187 Mass. 207, 211 (1905). In several subsequent cases, we further considered the requirement of strict compliance and when it is, and is not, necessary. See, e.g., Pinti v. Emigrant Mtge. Co., 472 Mass. 226, 227, 239-240 (2015) (failure to strictly comply with power of sale contained in mortgage renders foreclosure void); U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 422, 429 (2014) (failure to strictly comply with G. L. c. 244, § 35A, will not render foreclosure void because § 35A is not part of foreclosure process); Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 571, 580-581 (2012) (failure to comply with G. L. c. 244, § 14, renders foreclosure void).

What these cases have in common, as is relevant here, is their reference to certain statutory provisions in G. L. c. 244 that regulate the power of sale. That is, in each of these cases we referred to "§§ 11-17C" collectively as the provisions that further regulate the power of sale set forth in G. L. c. 183, § 21. That collective reference leads directly to Turra's argument: the section with which he is concerned, § 15A, obviously falls into the "§§ 11-17C" group. His argument, then, that Deutsche Bank's failure to strictly comply with the requirements of § 15A renders the foreclosure void is not entirely unfounded. It is also, however, unavailing.

In the cases in which we have made broad reference to the power of sale provisions in §§ 11-17C, we have been concerned with actions taken by the foreclosing party that are part of the foreclosure process and that occur prior to the actual foreclosure. The issue in the Ibanez case, for example, was whether the foreclosing party was actually the mortgage holder at the time of the foreclosure. See Ibanez, 458 Mass. at 638. Similarly, in the Eaton case, we addressed whether the mortgage holder who did not also hold the underlying note had the authority to foreclose, pursuant to statutory power of sale. See Eaton, 462 Mass. at 571. And in the Pinti case, we considered whether the foreclosing party had provided to the mortgagor the required notice of default and of the right to cure. See Pinti, 472 Mass. at 227.

Indeed, G. L. c. 183, § 21, itself indicates that upon a mortgagor's default, a mortgagee "may sell the mortgaged premises . . . [after] first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale."  In other words, there are certain statutory provisions with which the mortgagee must comply -- "the statutes relating to . . . foreclosure . . . by the exercise of a power of sale" -- before it may foreclose. Those are the types of provisions that our earlier cases contemplate -- provisions that are part of the foreclosure process and that work to protect the mortgagor by, for example, providing notice of the upcoming foreclosure sale (pursuant to G. L. c. 244, § 14).

Furthermore, the statutory obligations at issue in our earlier cases all related to the mortgagee vis-à-vis the mortgagor.  Here, on the other hand, the obligation to provide a postforeclosure notice to a taxing authority or water and sewer utility involves the foreclosing mortgagee and a third party; it does not involve the mortgagor.  Additionally, a failure to comply with § 15A does not create potential harm to the mortgagor in the same manner as the failure to comply with preforeclosure obligations.  Even if Turra is correct that he need not demonstrate that he was in fact harmed by Deutsche Bank's failure to comply with § 15A, the potential for harm in cases where the mortgagee fails to strictly comply with the power of sale prior to foreclosure is clear:  a mortgagor whose property is foreclosed upon by a party who did not, as it turns out, have the authority to foreclose has been unjustly deprived of his or her property.  No such potential for harm exists here. Deutsche Bank's failure to provide notice to the assessor or tax collector, or to the water and sewer utility, has no consequential effect on Turra.

We acknowledge that some of the language in our prior cases may have suggested that the failure to strictly comply with any provision contained in G. L. c. 244, §§ 11-17C, will render a foreclosure void.[6]  That was not our intent.  The issues in those

---

[6] See, e.g., Paiva v. Bank of N.Y. Mellon, 120 F. Supp. 3d 7, 11 (D. Mass. 2015) (concluding that "under several [Supreme Judicial Court] decisions, strict compliance with § 15A is required, and the consequence of non-compliance is the invalidation of the foreclosure sale"); PNS Props. LLC vs. Flores, Chelsea Dist. Ct., No. 1414SU00072 (Sept. 10, 2014) (in summary process action, plaintiff who purchased property at

cases stemmed from preforeclosure actions, or inactions, and to the authority of the foreclosing mortgagee to actually foreclose. That is not the circumstance here, where the provision in question does not set forth preforeclosure requirements that are a part of the foreclosure process. Deutsche Bank's failure to comply with § 15A's postforeclosure notice provisions did not render the foreclosure void.

<u>Judgment affirmed</u>.


<u>Adam T. Sherwin</u> for the plaintiff.
<u>Marissa I. Delinks</u> for Deutsche Bank Trust Company Americas.
<u>Francis J. Nolan, John Pagliaro, & Martin J. Newhouse</u>, for New England Legal Foundation & others, amici curiae, submitted a brief.

---

foreclosure and could not demonstrate compliance with § 15A did not have superior right of possession over defendant occupant).