NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1246

WOODVIEW APARTMENTS, LLC

vs.

CLASSIE ROBINSON.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The tenant, Classie Robinson, appeals from a judgment in a summary process case in the Housing Court awarding the landlord, Woodview Apartments, LLC, possession, costs, and past due rent. Unable to determine whether there was error because the appellant has provided an inadequate record for review, we affirm.

The summary process trial began on October 19, 2021, and the trial judge thereafter issued findings of fact and an interim order, concluding that the tenant owed the landlord

---

[1] The summary process complaint also listed Jahman Dawkins as a defendant.  The judge dismissed the case against Dawkins, who did not appear to be a resident of the apartment and is not listed on the lease.

$10,125 and directing her to apply for rental assistance by October 29, 2021. Although the tenant did not include a transcript of this day of trial, one was filed with the Housing Court, and we have reviewed it. All of the factual findings in the interim order are well supported by the record, and we discern no clear error. See South Boston Elderly Residences, Inc. v. Moynahan, 91 Mass. App. Ct. 455, 462 (2017), quoting U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 427 (2014) (in reviewing summary process factual findings after bench trial, "we accept the judge's findings of fact unless they are clearly erroneous").[2]

A second day of trial, presumably to discuss the results of the rental assistance process, was held on June 9, 2022. Based on the testimony on that day, the judge found that the rental assistance application failed because the tenant "declined to sign a payment plan," which she did on the ground that "she does not owe rent, because she has made all the payments." The judge stated that the tenant "presented no support for this position and the court does not credit this statement."

---

[2] Similarly, we see no error in the trial judge's failure to find a breach of the warranty of habitability. Although the tenant testified that repairs were needed to the refrigerator and the bathtub, she also testified that she "decided not to have it done" because of the pandemic. Obviously, the April 2022 inspection form in the tenant's record appendix did not exist in October 2019.

2

The tenant appears to challenge these findings, but we have no way to review them. The tenant has not provided us with a transcript of the June 9, 2022, hearing, and thus we cannot determine whether the evidence at that hearing supported the trial judge's findings. "We stress that it is an appellant's duty to produce an appendix containing all portions of the record relevant to the issues raised on appeal." Friedman v. Division of Admin. Law Appeals, 103 Mass. App. Ct. 806, 821 (2024), quoting Lodigiani v. Paré, 103 Mass. App. Ct. 140, 141 n.3 (2023). "That a transcript must be submitted to support a claim that the evidence was insufficient is not some hypertechnical requirement, but a reflection of the fact that resolution of such a claim requires the reviewing court to see the entirety of the evidence that was presented." United Steel Workers of Am. v. Commonwealth Employment Relations Bd., 74 Mass. App. Ct. 656, 661 (2009), quoting Covell v. Department of Social Servs., 439 Mass. 766, 782 (2003). In the absence of a

transcript, the tenant has failed to establish that the trial judge erred, and we must affirm.

Judgment affirmed.

By the Court (Blake, Ditkoff & D'Angelo, JJ.[3]),

*Paul Little*

Clerk

Entered:  October 31, 2024.

---

[3] The panelists are listed in order of seniority.