NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-817

ROBERT GRADY, trustee,[1]

vs.

RICHARD CHILDS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is a summary process case in which a tenant, Richard Childs, appeals from a judgment of possession in favor of his landlord, Robert Grady, as trustee of the ERG Revocable Trust. The property owned by the trust is a sober home.  Grady asserted that Childs violated numerous house rules in violation of Childs's residential agreement.  After a bench trial, a judge of the Housing Court found that Childs had violated a material term of the tenancy agreement and ordered possession for Grady.  We affirm.

In March 2018, Childs signed an agreement that outlines the rules that occupants must follow to stay in the sober home.  At

_____

[1] Of the ERG Revocable Trust

trial, Grady alleged that Childs violated paragraphs 1, 2, 5, 8, and 10 of the agreement.  The judge found that Childs was argumentative and disrespectful to other residents and their guests.  He also found that Childs brought alcohol to the property.  On one occasion, Childs threw a block of wood and a rock at Grady's son.  Based on these findings, the judge concluded that Childs violated a material term of the tenancy agreement and entered judgment for possession to Grady.

"On review of a jury-waived proceeding, we accept the judge's findings of fact unless they are clearly erroneous." United States Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 427 (2014).  "We accord the credibility determinations of the judge who heard the testimony of the parties . . . [and] observed their demeanor . . . the utmost deference" (quotation and citation omitted).  E.C.O. v. Compton, 464 Mass. 558, 562 (2013).

The judge did not credit any of Childs's testimony.  There was no abuse of discretion in the judge's conclusion that Childs

had violated a material term of the tenancy agreement.  See Spence v. Gormley, 387 Mass. 258, 259-262 (1982).

Judgment affirmed.

By the Court (Ditkoff,
D'Angelo & Wood, JJ.[2]),

*Paul Little*

Clerk

Entered:  October 31, 2025.

---

[2] The panelists are listed in order of seniority.

3