NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-958

ANTHONY GIANACOPOULOS & another[1]

vs.

GREGORY FUNDING, LLC, & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Anthony and Tracey Gianacopoulos, commenced this action against Gregory Funding, LLC (Gregory); AJX Mortgage Trust I, Wilmington Savings Fund Society, FSB, as trustee (Wilmington); and U.S. Bank National Association, as indenture trustee on behalf of and with respect to AJAX Mortgage Loan Trust 2017-A, Mortgage Backed Notes, Series 2017-A (U.S. Bank); seeking declaratory judgment that assignments of a mortgage were invalid and damages for claimed violation of the terms of the

_____

[1] Tracey Gianacopoulos.

[2] AJX Mortgage Trust I, Wilmington Savings Fund Society, FSB, trustee; and U.S. Bank National Association, indenture trustee on behalf of and with respect to AJAX Mortgage Loan Trust 2017-A, Mortgage Backed Notes, Series 2017-A.

mortgage regarding notice before foreclosure sale.  The defendants moved to dismiss the plaintiffs' complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  A judge of the Superior Court allowed the motion to dismiss and entered judgment in favor of the defendants.  We affirm.

Background.  In 2009, the plaintiffs granted a $520,000 mortgage on their property to Greylock Federal Credit Union (Greylock).  The mortgage was duly recorded in the Berkshire Middle District registry of deeds (registry).  In January 2017, Greylock assigned the mortgage to Wilmington (first assignment).  In June 2017, Wilmington assigned the mortgage to U.S. Bank (second assignment).  The document recorded for the second assignment noted that Wilmington acted through Gregory under a power of attorney (POA) and referred to a POA recorded in the registry in book 5984, page 225.  However, the POA recorded on that page granted authority from U.S. Bank to Gregory, not from Wilmington to Gregory.  In a separate limited POA executed in April 2016 and recorded in the registry in book 5912, page 240, in February 2017, Wilmington granted Gregory, among other things, authority to assign its mortgage loans.  As detailed in the complaint, about five years later, in May 2022, U.S. Bank as "mortgagee" sent the plaintiffs a right to cure notice after

2

commencing a case in the Land Court.[3]  In October 2022, U.S. Bank

assigned the mortgage back to Wilmington (third assignment).

Then, in November 2022, the Land Court issued an order of notice

under the Federal Servicemembers Civil Relief Act, 50 U.S.C.

§§ 3901 et seq. (SCRA), prompting the plaintiffs to commence

this action in Superior Court.

Discussion.  1.  Standard of review.  "We review the

allowance of a motion to dismiss [for failure to state a claim]

de novo, accepting as true the facts alleged in the plaintiff's

complaint as well as any favorable inferences that reasonably

can be drawn from them" (citation omitted).  Braley v. Bates,

100 Mass. App. Ct. 259, 260 (2021).  In evaluating a motion to

dismiss under rule 12 (b) (6), we generally limit our

consideration to "the allegations in the complaint, although

matters of public record, orders, items appearing in the record

of the case, and exhibits attached to the complaint, also may be

taken into account" (citation omitted).  Schaer v. Brandeis

Univ., 432 Mass. 474, 477 (2000).  To survive such a motion, a

complaint must plausibly suggest an entitlement to relief.  See

Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

---

[3] In their complaint, the plaintiffs referred to a "hybrid 35A right to cure/paragraph 22 default notice."  We understand this reference to be to a notice of the mortgagor's right to cure a default of required payment pursuant to G. L. c. 244, § 35A, and under paragraph 22 of the mortgage.

2. <u>The plaintiffs' standing to challenge mortgage assignments</u>. The plaintiffs contend that the incorrect POA referenced in the second assignment and recorded in the registry rendered the assignment from Wilmington to U.S. Bank void and thus was a defect that entitled the plaintiffs as mortgagors to challenge the second and third assignments. The plaintiffs assert that they are "entitled to an explanation" through discovery as to the chain of title for the mortgage. The defendants do not dispute that the POA recorded in the second assignment was incorrect but contend that the assignment nevertheless was valid and enforceable. We agree with the defendants that the erroneous page reference on the second assignment was a scrivener's error and therefore it did not make the otherwise valid second assignment void.[4] See <u>Clockedile</u> v. <u>U.S. Bank Trust, N.A.</u>, 189 F. Supp. 3d 312, 315 (D. Mass. 2016) (reference to expired POA in mortgage assignment was scrivener's error that did not void assignment where correct, valid POA

---

[4] The plaintiffs do not challenge the first assignment and identify no defects in the second assignment apart from the reference to the wrong POA. We are not persuaded by the plaintiffs' argument that the reference to the wrong POA document in this case was more than a scrivener's error because it was for a different entity, U.S. Bank, as opposed to an expired POA for the same entity, as in <u>Clockedile</u> v. <u>U.S. Bank Trust, N.A.</u>, 189 F. Supp. 3d 312, 315 (D. Mass. 2016). The plaintiffs cite no legal authority to support this argument, and we discern no significance in such a distinction.

4

existed at time of assignment). The POA that authorized Gregory to execute assignments on behalf of Wilmington was recorded in the registry nearly four months prior to the second assignment and was still in effect when Wilmington assigned the mortgage to U.S. Bank. Because the second assignment was not void, but instead voidable at the election of one of the parties to the assignment, the plaintiffs did not have standing to challenge it nor to discover the particulars regarding the "pathway" of the chain of title. See Shea v. Federal Nat'l Mtge. Ass'n, 87 Mass. App. Ct. 901, 903 n.9 (2015) (mortgagor's standing to challenge mortgage assignment limited to defects making assignment void, not merely voidable at election of one party). Cf. Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 205 (2014) (plaintiff who is neither party nor beneficiary to mortgage assignment ordinarily lacks standing to challenge it). There was thus no error in the motion judge's determination that the plaintiffs' complaint failed to set forth a plausible entitlement to declaratory judgment that Wilmington was "not a record mortgagee who [could] exercise the statutory power of sale."[5]

---

[5] The plaintiffs' challenge to Wilmington's status as a mortgagee is unavailing even if the second and third assignments were invalid. Where the plaintiffs do not claim any defect in the first assignment from Greylock to Wilmington, we agree with the motion judge's conclusion that Wilmington would "remain[] as record holder of the [m]ortgage" under the first assignment.

5

3.  Breach of contract claim.  The plaintiffs additionally argue that it was error for the judge to dismiss their claim that the defendants committed a breach of the terms of the mortgage by foreclosing prior to meeting the mortgage's notice requirements.  To begin, we disagree with the plaintiffs' assertion that the judge's analysis improperly considered the "challenged default notice" as a right to cure notice under G. L. c. 244, § 35A, to the exclusion of paragraph 22 of the mortgage.  The judge's analysis addressed both § 35A and paragraph 22, and properly concluded that the plaintiffs did not plausibly allege in their complaint that the defendants commenced a foreclosure.

Further, even if the plaintiffs had standing to challenge U.S. Bank's status as the mortgagee, they did not detail a foreclosure took place.  The complaint alleged that the defendants sent a "hybrid" default notice intended to meet the notice requirements of § 35A and paragraph 22, but it was deficient for paragraph 22 purposes because it incorrectly listed U.S. Bank as the mortgagee.[6]  Notice of a right to cure a

_____

See U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 651 (2011) ("foreclosing entity may provide a complete chain of assignments linking it to the record holder of the mortgage, or a single assignment from the record holder of the mortgage").

[6] A default notice that lists the incorrect lender can satisfy G. L. c. 244, § 35A, requirements but still fall short of the notice requirements in the mortgage, which must be

6

mortgage default under § 35A does not commence foreclosure proceedings and therefore is not part of the statutory power of sale process. See U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 430-431 (2014) (§ 35A designed to give mortgagor fair opportunity to cure default before debt accelerates and before foreclosure process commences). Similarly, notice and an opportunity to cure before foreclosing under paragraph 22 of the mortgage was not an exercise of the defendants' right to foreclose as part of their statutory power of sale. See Pinti v. Emigrant Mtge. Co., 472 Mass. 226, 240 (2015) (notice requirements in mortgage are steps that must precede foreclosure). The plaintiffs did not allege in their complaint that the defendants sent notice of a foreclosure sale, published a mortgagee's sale of real estate, or otherwise conducted or attempted to conduct a sale of the plaintiffs' property. See G. L. c. 244, § 14. Finally, to the extent the plaintiffs rely on a reference in their complaint to an order of notice filed pursuant to the SCRA and recorded in the registry, it is unavailing where SCRA proceedings occur independently of foreclosure. See Beaton v. Land Court, 367 Mass. 385, 390 (1975).

---

strictly complied with before foreclosure. See Pinti v. Emigrant Mtge. Co., 472 Mass. 226, 239-240 (2015).

In sum, because the allegations in the complaint were that the defendants filed a preforeclosure notice of default rather than a foreclosure, the plaintiffs' breach of contract claim was properly dismissed for failing to state a claim that plausibly suggested entitlement to relief.[7]

Judgment affirmed.

By the Court (Henry, Hand & Brennan, JJ.[8]),

Clerk

Entered:  December 2, 2025.

---

[7] Because this appeal does not address the sufficiency of the notice or a foreclosure itself, it does not bar the plaintiffs from contesting any foreclosure that may take place.

[8] The panelists are listed in order of seniority.